Opinion issued April 29, 2025



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-22-00648-CV

———————————

**GULF COAST BRAKE & MOTOR, INC., Appellant**

**V.**

**MHWIRTH INC., Appellee**

---

### On Appeal from the 157th District Court
### Harris County, Texas
### Trial Court Case No. 2021-14261

---

## MEMORANDUM OPINION

Appellant, Gulf Coast Brake & Motor, Inc. ("Gulf Coast"), and Michael Nagata, Jack Van Vleit, and James (Pat) Edgar, co-defendants with appellant in the underlying trial court case, filed an interlocutory appeal challenging the trial court's denial of their motions to abate the underlying trial court proceeding. Nagata and

Edgar also filed a notice of appeal from the trial court's denial of their special appearance. That appeal was assigned to this Court and docketed as appellate case number 01-21-00492-CV.

On July 15, 2022, Gulf Coast filed a "Suggestion of Bankruptcy and Notice of Automatic Stay," notifying the Court that on July 14, 2022, it filed a bankruptcy case under Chapter 11 of the United States Bankruptcy Code in the United States District Court for the Western District of Louisiana, Lafayette Division. On July 26, 2022, the Court abated appellate case number 01-21-00492-CV pending resolution of Gulf Coast's bankruptcy proceedings. *See* TEX. R. APP. P. 8.2.

On August 9, 2022, appellee, MHWirth Inc., filed a "Motion to Sever and Reinstate Appeal." *See* TEX. R. APP. P. 8.3(b) (allowing party to "move to sever [an] appeal with respect to the bankrupt party and to reinstate the appeal with respect" to any non-bankrupt parties). In its motion, appellee argued that severance and reinstatement was appropriate as to Nagata, Van Vleit, and Edgar, because they did not file for bankruptcy protection, and appellee's claims against them in the underlying trial court proceeding "are severable from those against Gulf Coast." *See* TEX. R. APP. P. 8.3(b).

On September 8, 2022, the Court granted appellee's motion to reinstate and sever appellant Gulf Coast Brake & Motor, Inc., lifted the stay, and reinstated appeal number 01-21-00492-CV on the Court's active docket under the new case name

2

*Michael Nagata, Jack Van Vleit, and James (Pat) Edgar v. MHWirth Inc. See Nagata v. MHWirth Inc.*, No. 01-21-00492-CV, 2023 WL 2414880 (Tex. App.— Houston [1st Dist.] Mar. 9, 2023, pet. denied) (mem. op.).

The Clerk of this Court further created a new appellate case number, styled *Gulf Coast Brake & Motor, Inc. v. MHWirth Inc.*, assigned appellate case number 01-22-00648-CV. The newly created appeal was abated pursuant to Gulf Coast's July 15, 2022, "Suggestion of Bankruptcy and Notice of Automatic Stay."

On February 3, 2025, Gulf Coast filed a "Motion to Reinstate Abated Appeal." In its motion, Gulf Coast noted that the "bankruptcy case [was] closed and Gulf Coast wishe[d] to reinstate the appeal." On February 20, 2025, the Court granted Gulf Coast's motion, reinstated the appeal, and directed Gulf Coast to file its brief within thirty days.

Gulf Coast failed to file its brief, and on April 2, 2025, the Clerk of this Court notified Gulf Coast that the deadline for filing its appellant's brief had expired, and that the failure to file a brief within ten days of the Court's notice may result in dismissal of the appeal. In response to the Court's notice, on April 14, 2025, Gulf Coast filed a "Motion to Dismiss Appeal." In its motion, Gulf Coast noted that appellee "filed a Notice of Non-Suit in the trial court, dismissing all of [a]ppellee's claims and causes of action against" Gulf Coast.

Gulf Coast stated that the appeal was therefore "moot and dismissal [was] appropriate," and it requested that the Court dismiss the appeal.[1]  *See* TEX. R. APP. P. 42.1(a) (permitting voluntary dismissal of appeal on motion of appellant).

No other party has filed a notice of appeal, and no opinion has issued.  *See* TEX. R. APP. P. 42.1(a)(1), (c).  Gulf Coast's motion includes a certificate of conference stating that it attempted to confer with appellee regarding whether it was opposed to the relief requested in the motion to dismiss, but appellee did not respond. *See* TEX. R. APP. P. 10.1(a)(5).  However, more than ten days have passed and appellee has not responded to Gulf Coast's motion.  *See* TEX. R. APP. P. 10.3(a)(2).

Accordingly, the Court grants Gulf Coast's motion and dismisses the appeal. *See* TEX. R. APP. P. 42.1(a)(1), 43.2(f).  We dismiss all other pending motions as moot.

**PER CURIAM**

Panel consists of Justices Guerra, Caughey, and Morgan.

---

[1]  We note that Gulf Coast further requested that "costs be taxed to the party incurring the same."  However, in a voluntary dismissal of an appeal, the Texas Rules of Appellate Procedure require that the Court tax costs against the appellant unless there is an "agreement of the parties."  *See* TEX. R. APP. P. 42.1(d).  There is no evidence of an agreement between the parties regarding costs.  Therefore, that request is denied and costs will be taxed to Gulf Coast, as the appellant.